UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| AUDRA MARIE JOHNSON, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-18-1136-G |
| MANUEL ANGEL SANCHEZ, | ) ) ) | |
| Defendant. | ) | |

## ORDER

On November 20, 2018, Audra Marie Johnson, appearing pro se, filed a Notice of Removal of a child custody action pending in the District Court of Oklahoma County, Oklahoma. *See* Notice of Removal (Doc. No. 1). Ms. Johnson asserts that this Court has subject matter jurisdiction over the action under the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A.

The Court has a duty to inquire into its own jurisdiction. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under the domestic relations exception to federal jurisdiction, federal courts lack jurisdiction over child custody disputes. *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." (alteration and internal quotation marks omitted)). Nor is federal jurisdiction conferred by the PKPA. *See Roman-Nose v. N.M. Dept. of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) (explained that there is "no federal cause of action under the [PKPA]" (citing *Thompson v. Thompson*, 484 U.S. 174 (1988))); *Wigington v.*

*McCarthy*, 1997 WL 527636, at *3 (10th Cir. 1997). The Court therefore finds that it lacks subject matter jurisdiction in this matter. *See* 28 U.S.C. §§ 1331, 1332.

Accordingly, the Court REMANDS this matter to the District Court for Oklahoma County, Oklahoma and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 7th day of June, 2019.

CHARLES B. GOODWIN
United States District Judge